## Commonwealth ex rel. Fogle, Appellant, v. Johnston.

Submitted December 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Elmer L. Fogle,* appellant, in propria persona.

*Eugene G. Kitko,* Assistant District Attorney, and *Joseph S. Ammerman,* District Attorney, for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

This habeas corpus petition was heard for the purpose of determining whether the relator was coerced or tricked into signing a plea of guilty.

On July 8, 1958 the court below after hearing the testimony of a county detective, a sergeant of State Police and the relator found that no fraud, trickery or coercion were practiced upon relator when he en-

tered his plea of guilty. The court below refused the habeas corpus and this appeal followed.

Elmer L. Fogle was arrested on April 8, 1955 on a charge of Rape and Incest. At the time of the arrest relator admitted committing two separate acts of intercourse with his daughter, eleven years of age. When the indictment was drawn both dates were merged into one and treated as one occurrence, and relator was indicted on one count of statutory rape and on one count of incest.

On April 13, 1955 relator endorsed a plea of guilty and on May 31, 1955 he was sentenced to a term of 2½ to 5 years on the charge of incest and to a term of 5 to 10 years on the rape charge to commence at the end of the 2½ to 5 year sentence. The order of July 8, 1958 changed the words "for the term for incestuous rape" to read "for the term for incestuous adultery". The court, in its opinion, states that the words "for the term for incestuous rape" was a typographical error. The testimony disclosed that relator did not deny at least one act of intercourse with his daughter. At the hearing relator's letters written to the court and the district attorney were introduced into evidence. In these letters relator states that he does not deny one charge and clearly states that the County Detective did explain to him what rape and incest meant prior to his signing the plea. He admits at least one act of intercourse. The testimony of Sgt. Rice and Detective Scipione shows that at the time of signing of the plea, relator admitted committing two separate acts of intercourse.

The sentence was based upon relator's signed plea of guilty to the indictment and the record does not reveal that the plea was obtained by fraud or coercion.

The sentence for incestuous adultery was 2½ to 5 years and for statutory rape from 5 to 10 years to run consecutively.

The court below found no fraud, trickery, force or coercion used against the relator at either the time of the confession or the time of entering a plea of guilty.

An examination of the records and the testimony therein compels us to agree with the court below that the petition for a habeas corpus cannot be sustained.

Order is affirmed.