## Commonwealth ex rel. Fogle, Appellant, *v.* Maroney.

Submitted December 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Elmer L. Fogle,* appellant, in propria persona.

*Eugene G. Kitko,* District Attorney, for appellee.

OPINION BY FLOOD, J., March 19, 1964:

In April 1955 the relator pleaded guilty to two charges of rape and incest and was given sentences totalling seven and a half to fifteen years. This is his second petition for habeas corpus. He now contends that he was unconstitutionally deprived of counsel at the time of his plea and sentence.

Endorsed upon the indictments and signed by him was the plea of guilty and the following statement: "I also having been advised of my right to counsel, hereby waive such right." He alleges that he had been told by the county detective who obtained his signature to the plea and waiver that he was entitled to counsel free of charge only if he was charged with a capital offense and that he was coerced into refraining from hiring counsel by threats against his family. The sole

question is whether he is entitled to a hearing in the court below as to these allegations.

The court below denied the petition without hearing. This action seems to us to be justified for several reasons: (1) The allegation that he was misled is directly contradicted by the written waiver of counsel. (2) Following a hearing on his first petition for habeas corpus in which he also raised the question of lack of counsel, the court denied his petition and in its opinion, written by the trial judge, stated: "The relator was further informed of the two offenses at a hearing before the Justice of the Peace, and given an opportunity to have counsel if so desired, and of the seriousness of the charges placed against him. Notwithstanding this relator stated he would plead guilty . . . . No record was kept of what transpired at the time of sentence, but from the recollection of the sentence, and as appears upon the indictment, the defendant was given full opportunity to state whether or not he admitted his guilt, whether or not he waived the right to have counsel." (3) At the hearing upon the first petition, one of the detectives testified that he told the defendant that he had the right to be represented by an attorney if he so desired. (4) Even though the petitioner was represented by counsel at the hearing on the first petition, no testimony was given by him at that hearing to contradict the testimony of the detective or to state that the detective made the statement alleged in the current petition.

As against this the petitioner argues that the only issue seriously pressed on the earlier petition was the fraud or trickery of the detective in obtaining his plea of guilty by misleading him as to the nature of the charges against him. He points to our opinion on the appeal from the denial of the earlier petition, which discusses only this issue and says nothing as to waiver of counsel. *Commonwealth ex rel. Fogle v. Johnston,*

189 Pa. Superior Ct. 190, 149 A. 2d 526 (1959). This, however, is not conclusive that the other issues raised by him were not passed upon by this Court. Moreover, there is no showing that the issue of his right to counsel, having been passed upon adversely to him in the court below, was raised or pressed upon the appeal. The above quotation from the opinion of the court below refutes his contention that this issue was not considered or passed upon by that court.

We conclude that the present allegations of fraud and coercion with regard to counsel are so completely at variance with what occurred at the time of his plea and sentence and upon the hearing of the earlier petition for habeas corpus that no hearing upon these allegations is warranted.

Order affirmed.